# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLES WINTON LAND, JR.** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:12-CV-0690-O-BH** |
| | ) | |
| **RANDY MEEKS, Sheriff,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

## I. BACKGROUND

On March 7, 2012, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for resisting arrest and interference with public duties, as well as a disciplinary action. The respondent is Randy Meeks, Sheriff of Hunt County, Texas.

### A. Factual and Procedural History

On February 5, 2009, the petitioner was convicted by a jury in Hunt County of resisting arrest and interference of public duties in Cause Nos. CR07-02682 and CR07-02683. The jury sentenced him to 365 days and 180 days of confinement, respectively. (Pet. at 2-3). On direct appeal, the petitioner argued that the evidence was legally and factually insufficient to support both convictions, and that the trial court erred by not granting a mistrial because of improper jury argument by the prosecution. *Land v. State*, 2010 WL 3123369, Nos. 05-09-00459-CR, 05-09-00460-CR (Tex. App.–Dallas, Aug. 10, 2010, pet. ref'd). His petitions for discretionary review were refused on March 9, 2011. *See* PD-1560-10, PD-1561-10. His petition for writ of certiorari was denied by the Supreme Court on November 28, 2011. *See Land v. Texas*, 132 S.Ct. 773 (2011).

While serving his sentences, the petitioner was charged with the disciplinary offense of possession of stolen property, among other allegations. (Pet. at 5). He states that the disciplinary charges against him were dismissed, but he also asserts that he was removed from trustee status and was unable to earn additional good time as a result of these charges. *Id.* The petitioner unsuccessfully attempted to file a habeas petition with the Supreme Court but did not file any state habeas petition challenging either his convictions or the disciplinary charges. (Pet. at 5, 8).

## B. **Substantive Claims**

The petitioner's federal habeas petition appears to allege the following grounds for relief:

–his constitutional rights were violated at trial because he was denied the rights of compulsory process, confrontation, an impartial tribunal and to be free from double jeopardy;

–the jury convicted him from other than trial evidence, and his attorney refused to use exculpatory evidence and failed to make proper objections;

–he was denied his due process rights with respect to the disciplinary charges.

(Pet. 6-7).[1] The respondent filed an answer and general denial on October 9, 2012, and provided the state court records on October 23, 2012, and November 5, 2012. The petitioner did not file a reply.

## II. ANALYSIS

At best, the petitioner makes only brief conclusory statements about the constitutional rights that he contends were violated at trial and during his disciplinary proceedings. He provides no facts to support, or even to adequately describe, his habeas claims, and he provides no legal arguments.

---

[1] The petitioner also asserted that his constitutional rights were violated by the conditions of his confinement in the Hunt County jail. By order dated March 9, 2012, he was given notice that courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the constitution or federal law, and that any other claims must be raised in a separate non-habeas civil suit. (*See* doc. 6).

Mere conclusory allegations are insufficient to raise a substantive federal constitutional issue that would support habeas relief.  *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).  In addition, the petitioner acknowledges, and the documents he has submitted reflect, that the disciplinary charges against him were dismissed on December 29, 2011.  (*See* doc. 4 at 4-5).  He therefore experienced no loss of good-time credits due to the disciplinary charges, even assuming for purposes of his petition that he had a liberty interest in the loss of good-time credits.  *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (holding that inmates that are eligible for release on mandatory supervision have a protected liberty interest in the loss of good-time credits).  To the extent that petitioner's classification changed, or that he was prevented from earning future good time credits, he has no constitutionally protectable property or liberty interest in his classification or the loss of opportunity to accrue good-time credits.  *Id.*, *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).  The petitioner's federal habeas petition should be denied.[2]

### III.  EVIDENTIARY HEARING

Upon review of the filings in this case and the proceedings reflected in the state-court records, an evidentiary hearing appears unnecessary.

### IV.  RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED** with prejudice.

---

[2]  It appears that the petitioner has failed to exhaust his federal habeas claims at the state court level because he did not raise them on direct appeal or in the petition for discretionary review, and he did not file a state habeas application.  *See* 28 U.S.C. § 2254(b)(1).  Nevertheless, a federal habeas petition may be denied on its merits notwithstanding the failure to exhaust available state court remedies.  *See* § 2254(b)(2).

**SIGNED on this 19th day of February, 2013.**


_(signature)_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT


A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_(signature)_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE